UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.:<br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER ON
<u>MOTION *IN LIMINE* REGARDING COMPARATIVE FAULT</u>**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in opposition to defendants' motion for partial reconsideration of the Court's September 18, 2024, Order ("Sept. 18 Order," ECF No. 1195) granting in part and denying in part SKAT's motion *in limine* to exclude evidence defendants claim supports their comparative fault or statute of limitations defenses.[1]

Defendants' motion should be denied because it fails to identify anything the Court overlooked in excluding the Danish National Audit Office's 2016 report, save "to the extent that it contains data relevant to SKAT's loss amount." (Sept. 18 Order at 5.) To prevail on their motion under the Court's Local Rule 6.3, defendants "must point to controlling law or factual matters put before the court in its decision on the underlying matter that [they] believe[] the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016).[2]

Thus, motions for reconsideration are not "a second bite at the apple for a party dissatisfied with a court's ruling." *City of New York v. Venkataram*, No. 06 Civ. 6578(NRB), 2009 WL 3321278, at *1 (S.D.N.Y. Oct. 7, 2009) (internal quotation omitted). Rather, reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Anwar*, 164 F. Supp. 3d at 560. The movant is not, as defendants do here, "supposed to treat the court's initial decision as the opening of a

---

1. *See* Defs. Mot. for Partial Recons. of the Court's Order on Mot. *in Lim.* Regarding Comp. Fault, ECF Nos. 1211-13.

2. The standard for reconsideration under Federal Rule of Civil Procedure 60(b), which defendants also invoke, is the same. *See Kubicek v. Westchester Cnty.*, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) ("Rule 60(b) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules for this District provide for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court.") (internal quotation omitted).

dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410, 413 (S.D.N.Y. 2008) (internal quotation omitted).

In opposing SKAT's motion, defendants argued in the main that the National Audit Office's report is relevant to their Danish law statute of limitations defense,[3] an argument the Court rejected because none of the evidence SKAT sought to exclude, including the National Audit Office's report, "demonstrate[s] that SKAT knew or should have known of its claims *against the defendants*, which is the relevant inquiry under Danish law."  (Sept. 18 Order at 1 (internal quotation omitted).)[4]  In arguing that "SKAT's Rule 403 arguments are unpersuasive," defendants also stated in conclusory fashion that "the report documents serious breakdowns in SKAT's administration of the program that go directly to the reasonableness of its reliance on any reclaim applications and its own comparative negligence."  (Defs. Opp. at 17, 20.)

That the Court was not persuaded by this half-hearted argument is no ground for the Court to reconsider its ruling.  *See Pfizer, Inc. v. Stryker Corp.*, No. 02 Civ. 8613 (LAK), 2005 WL 44383, at *1 (S.D.N.Y. Jan. 10, 2005) (motions for reconsideration are "not intended as a vehicle for repetition of arguments that have been considered fully").  Nor may defendants, as they attempt to do, "plug the gaps of [the] lost motion with additional matters." *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004) (internal quotation omitted). Defendants' "obligation was to make their complete argument in support of" the admissibility of the National Audit Office's report in their opposition to SKAT's motion "and then to abide the

---

3. *See, e.g.*, ECF No 1164 ("Defs. Opp.") at 16 (arguing that "[t]he retrospective analysis of the National Audit Office of Denmark is *directly* relevant to when SKAT should have known of its claims").

4. Defendants do not ask the Court to reconsider its ruling that the National Audit Office report is irrelevant to their statute of limitations defense.

result." *Id*. at 352.  It was not the Court's obligation to sift through the report to identify any other aspect of it that defendants may consider relevant.  *Cf. Rhee-Karn v. Lask*, No. 15CV9946 (DLC), 2020 WL 1435646, at *1 (S.D.N.Y. Mar. 24, 2020) ("a district court is not required to scour the record on its own in a search for evidence where the non-moving party fails to adequately present it") (internal quotation omitted).

For instance, defendants argue that reconsideration is warranted because the report "notes that SKAT 'did not establish and write down processes for checking reimbursement of dividend tax.'"  (Defs. Br. 3 (quoting Declaration of Andrew S. Dulberg, dated Oct. 2, 2016, Ex. 1 ("National Audit Office Report") at 20).)  But defendants' opposition brief did not even reference that aspect of the report, let alone argue that it is relevant to reasonable reliance, comparative fault or balancing the equities.  (*See generally* Defs. Opp.)  Likewise, while defendants now point to the report's finding that SKAT's "IT support" was thought to be "completely inadequate," (Defs. Br. 4 (quoting National Audit Office Report at 21)), nowhere in their opposition did defendants mention that finding.  And defendants' opposition similarly failed to argue that the report's characterization of supposed "written indications of problems with reimbursement of dividend tax" are relevant to comparative fault, reasonable reliance or balancing the equities.  (Defs. Br. 4 (citing National Audit Office Report at 36-45).)

Nor did defendants' opposition brief include SKAT's supposed admission "that 'the control of the reimbursement of dividend tax should have been planned differently,'" or the Ministry of Taxation's purported explanation "that the fraud was possible 'as a result of the risk-based approach chosen.'"  (Defs. Br. 3 (quoting National Audit Office Report at 16).)  And in any event, defendants' new argument is based on grossly mischaracterizing what SKAT and the Ministry of Taxation said, as recounted in the report.  According to the report, the Ministry of

3

Taxation said that in hindsight the control "should have been planned differently" based on "the knowledge of the area and the relating risk that SKAT and the Ministry of Taxation have today," *i.e.*, after the fraud was uncovered. (National Audit Office Report at 16.) And the "risk-based approach" to which the Ministry referred underlies the entire "Danish direct and indirect tax model where the basis is that you trust that citizens and businesses generally pay the correct tax," not just SKAT's administration of dividend withholding tax. (*Id.*)

Finally, even if defendants had put these new arguments before the Court in their opposition to the motion, there is no reason to think that would have changed the result. For instance, if SKAT did not have written procedures for processing dividend withholding tax refund claims, that would not "evidence that SKAT lacked the ability or otherwise failed to verify the veracity of a refund claim." (Sept. 18 Order at 4.)[5] The same is true with respect to SKAT's IT "'check feature' to prevent paying out in refunds 'an amount exceeding the total payment of dividend tax.'" (Defs. Br. 3 (quoting National Audit Office Report at 21).) That general IT "check feature" applied across all refund claims and had nothing to do with SKAT's ability to verify the information in refund claims submitted by the Trial One defendants.

Further, the "written indications of problems with reimbursement of dividend tax," (Defs. Br. 4), include SIR's 2013 and 2014 internal audit reports and a July 2015 "early warning about the risk of wrongful reimbursement of dividend tax in connection with share loans." (National Audit Office Report at 43-45.) The Court already has excluded from trial the 2013 and 2014 SIR reports and similar evidence concerning SKAT's awareness of risks posed by share loans as

---

5. Processes to check the existence or amount of shares are not relevant to the Trial One defendants because their custodians provided dividend credit advices certifying the existence and amount of shares, and the defendants included those custodial attestations in all their refund claims. Thus, checking refund claims with the custodians, or anyone else who was participating in the fraud, would simply duplicate the information that the Trial One defendants provided to SKAT.

4

irrelevant or confusing. (Sept. 18 Order at 3-4 (finding 2010, 2014, and 2015 SIR reports concerning SKAT's difficulty verifying the validity of claims of ownership of shares held through omnibus accounts not relevant: "as plaintiff explains, this has nothing to do with defendants' alleged fraud because defendants did not claim refunds in connection with shares held through omnibus accounts").) And to the extent the 2010 audit report is relevant in that it bears on SKAT's ability or purported failure to verify refund claims for reasons not arising from omnibus accounts, the jury should be shown the 2010 report itself, not the National Audit Office's characterization of it. (National Audit Office Report at 39-41.)

For the reasons set forth above, SKAT respectfully requests that the Court deny defendants' motion for partial reconsideration.

Dated: New York, New York  
October 16, 2024

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com com
gregory.farrell@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

5