**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<div style="border">

IN RE CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND SCHEME
LITIGATION

This document relates to case nos.: 19-cv-01785;
19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783;
19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865;
19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922;
19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791;
19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868;
19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906;
19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810;
19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898;
19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813;
19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931;
19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

</div>

MASTER DOCKET

18-md-2865 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/25

**MEMORANDUM ON JUDGMENT**

LEWIS A. KAPLAN, *District Judge.*

> 1.    These cases were consolidated for trial as to all or, in some cases, most defendants. The Court has determined that a separate judgment should be entered in each case[1] and has consulted extensively with the parties as to the form of the judgments.

> 2.    The jury returned a special verdict which warrants judgment for the plaintiff and against each of those defendants consolidated for trial each of three alternative theories: (a) fraud, (b) negligent misrepresentation, and (c) unjust enrichment, money had and received, and money paid by mistake (collectively, "restitution"). The amounts of the money judgments warranted as a matter of law on the fraud claims are exactly equal to those that would be warranted on the negligent misrepresentation claims and would exceed those that would be warranted on the restitution claims. Accordingly, the Court will enter judgment now on the fraud claims alone. It holds also that, in the hypothetical absence of liability on the fraud claims, it would enter judgments for the plaintiff and against each consolidated defendant in the precise amounts on the negligent misrepresentation claims. Finally, it holds also that, in the hypothetical absence of liability on both

---

[1]

*See Hall v. Hall*, 584 U.S. 59 (2018).

the fraud and negligent misrepresentation claims, it would enter judgments in the appropriate cases for the plaintiff and against each consolidated defendant on the restitution claims as follows:

(a)    against Richard Markowitz in the amount of $38,221,235.60 and, jointly and severally against each of the following Plans, as listed below:

| Plan | Amount |
| --- | --- |
| Avanix Management LLC Roth 401K Plan | $2,416,291 |
| Batavia Capital Pension Plan | $1,761,351 |
| Cavus Systems LLC Roth 401(K) Plan | $986,510 |
| Hadron Industries LLC Roth 401(K) Plan | $973,627 |
| Michelle Investments Pension Plan | $4,035,308 |
| Remece Industries LLC Pension Plan | $3,154,895 |
| RJM Capital Pension Pan | $3,249,981 |
| Routt Capital Pension Plan | $2,466,627 |
| Xiphias LLC Pension Plan | $3,788,351 |

(b)    against Jocelyn Markowitz and Calypso Investments Pension Plan, jointly and severally, in the amount of $1,824,028.01;

(c)    against John van Merkensteijn in the amount of $36,812,386.51 and, jointly and several against each of the following Plans, as listed below:

| Plan | Amount |
| --- | --- |
| Basalt Ventures LLC 401(K) Plan | $912,900 |
| Bernina Pension Plan | $3,127,768 |
| Omenica Pension Plan | $3,503,280 |
| Starfish Capital Management LLC Roth 401(K) Plan | $30,376 |
| Tarvos Pension Plan | $1,994,645 |
| Voojo Productions LLC Roth 401(K) Plan | $1,648,805 |
| Xiphias LLC Pension Plan | $3,788,351 |

| Michelle Investments Pension Plan | $4,035,308 |
|---|---|
| Remece Investments LLC Pension Plan | $3,154,895 |

(d)    Elizabeth van Merkensteijn and Azalea Pension Plan, jointly and severally, in the amount of $1,866,667.14;

in each instance together prejudgment interest from the earliest ascertainable date from which each payment by SKAT was received by each defendant to the date of entry of the relevant judgment

3.    Plaintiff is entitled to prejudgment interest at the rate of 9 percent per annum according to the New York Civil Practice Law and Rules, substantially for the reasons set forth in paragraphs First through Third of the letter of plaintiff's counsel, dated February 21, 2025 (Dkt 1429).

4.    The judgments in 17 of the cases listed in the caption dispose of all remaining claims against all remaining parties. The other 28 cases each have one or more remaining defendant who was not consolidated for the recent trial. Those remaining defendants are friends and family of either or both of Messrs. Markowitz and van Merkensteijn who got the friends and family members involved with their activities and pension plans created for the friends and family to engage in purported transactions in Danish securities in order to enable those pension plans to claim and receive "refunds" of the Danish withholding tax purportedly but not in fact withheld from purported dividends on the Danish shares owned by the friends and family members' pension plans, refunds to which they were not entitled. These purported securities transactions and refund claims were substantially the same as those engaged in by the consolidated defendants in all 45 cases, and the trial evidence made it entirely clear that the instigators and principal beneficiaries of the friends and family plans' activities were, in fact, Messrs. Markowitz and van Merkensteijn or entities controlled by them, as they ultimately obtained 95 percent of the money that plaintiff paid to the unconsolidated friends and family pension plans.

It appears likely that all of plaintiff's claims against the unconsolidated defendants will be resolved without the need for trial of those claims, whether by settlement, motion practice, or otherwise. In the circumstances, making all of the 45 judgments entered as a result of the consolidated trial final and appealable is likely to have two very desirable consequences.

First, it is likely to avoid any possibility of need for two (or conceivably even more) rounds of appeals record with respect to the judgments on the same voluminous trial record, the first round being the appeals in the 17 cases in which the judgments entered now will be final in every respect and the second round (and any subsequent round(s)) being appeals in the other 28 cases as those cases are resolved as to the remaining and unconsolidated defendants.

Second, for this and related reasons, finality as to all 45 cases is likely substantially to increase the probability of a consensual or other resolution of the plaintiff's claims against the remaining and unconsolidated defendants without the need for a trial of those defendants,

4

as a single decision by the Court of Appeals binding in all 45 cases would minimize the risk of one or more needlessly opting for a trial.

Accordingly the Court finds that there is no just reason for delay. The judgments that will be entered in the 28 cases with unresolved claims against defendants will direct the Clerk, pursuant to Fed. R. Civ. P.54(b), to enter them as final judgments.

SO ORDERED.

Dated:    March 13, 2025

_____
Lewis A. Kaplan
United States District Judge