# Exhibit 12

| | |
|---|---|
| **From:** | Ben-Jacob, Michael |
| **Sent:** | Wednesday, December 12, 2012 12:50 PM |
| **To:** | Wells, Peter |
| **Subject:** | FW: Raubritter LLC Pension Plan |
| **Attachments:** | Raubritter LLC Pension Plan.pdf; DK - POA - Raubritter LLC Pension Plan.pdf; DK - Raubritter - Beneficial Owner Declaration Form.pdf |

\*\*\*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Michael Ben-Jacob
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8310 | F: +1 212.836.6310
michael.ben-jacob@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8310) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Adam Larosa [mailto:alarosa@argremgt.com]
**Sent:** Wednesday, December 12, 2012 12:49 PM
**To:** Ben-Jacob, Michael
**Cc:** Richard Markowitz; Matthew Stein; Jérôme LHOTE; John H. van Merkensteijn, III
**Subject:** FW: Raubritter LLC Pension Plan

Michael,

Hope all is well.  As you draft the partnership agreements for the Pension Plans you need to consider who can sign the attached documents.  It is the Pension Plan that needs sign obviously – but can and/or should I be authorized to sign - either through the Partnership Agreement, a separate document between me and the partnership or me and the Plan?

Thanks,

Adam La Rosa
Director
Argre Management LLC
40 West 57th Street
New York, New York 10019
Tel: 212-247-2600
Mobile: 732-272-4445
Fax: 212-247-2753
e-mail: alarosa@argremgt.com

1

DEFENDANTS'
EXHIBIT
DX6028
Case No:18-MD-2865 (LAK)

CONFIDENTIAL / PRIVILEGED – SUBJECT TO 502(d) ORDER        WH_MDL_00372840
DX6028, page 1 of 10

**From:** Stef Lambersy [mailto:slambersy@acupay.com]
**Sent:** Tuesday, December 11, 2012 7:12 AM
**To:** Adam Larosa
**Cc:** Miriam Haniffa
**Subject:** Raubritter LLC Pension Plan

Dear Adam,

Please find attached all documents we would need to set up the reclaim process.

1. A reclaim agreement between Raubritter and Acupay – identical to the one we are currently using for the other plans
2. A Power of Attorney between Raubritter and Acupay
3. A Beneficial Owner Declaration from Raubritter

Could you please arrange for signature of all documents and send the originals back to my attention (address below).

Thanks,

Stef

Stef Lambersy │ Business Development Associate │ Market Development

 

+44 207 382 0340 (dir-0348)
slambersy@acupay.com
www.acupay.com
28 Throgmorton Street, EC2N 2AN, London

 *Please consider the environment before printing*

This message and any attachments may be privileged, confidential or proprietary and is intended only for the recipient(s) listed above. If you have received this transmission in error, please return this email to the sender immediately and delete this message from your computer. Access, copying or re-use of this message or any attachment or information contained herein by anyone other than the intended recipient(s) is not authorized. E-mail communication cannot be guaranteed to be secure; please refrain from communicating sensitive or private information unless the proper security precautions are taken.

# acupay

www.acupay.com

| New York | London | Madrid |
|---|---|---|
| 30 Broad Street | 28 Throgmorton Street | Pradillo, 5 Bajo Ext. dcha. |
| 46th Floor | 1st Floor | 28002 Madrid, Spain |
| New York, NY 10004 | London EC2N 2AN | |
| Tel: + 1 212 422 1222 | Tel: + 44 20 7382 0340 | |
| Fax: + 1 212 422 0790 | Fax: + 44 20 7256 7571 | |

## RECLAIM AGREEMENT

THIS AGREEMENT is made on:                                                                                   11 December 2012
BETWEEN

1. **Raubritter LLC Pension Plan** (the "Client");
   of 160 Central Park South 1726, NY 10019, New York, United States
   Email: alarosa@argremgt.com

2. **Acupay System LLC** ("Acupay"),
   of 28 Throgmorton Street, EC2N 2AN, London, UK
   Tel. No. +44 (0) 207 382 0341
   Email: markets@acupay.com,

collectively referred to as the "Parties".

**RECITALS**

The Client wishes to be provided with the Services (defined in Clause 1.1) by Acupay on an ongoing basis, and Acupay agrees to provide the Services to the Client, on the terms and conditions of this Agreement. These services will be ongoing until one of the contracting parties gives proper notice for termination as per the conditions set under Clause 2.3 and Clause 2.6 respectively.

**Key Terms**

**1.1 Services**

a) Acupay shall provide the following services ("Services") to the Client in the markets listed in Annex 1, which will be updated according to the Client's needs, in accordance with the terms and conditions of this Agreement:

   i. Acupay will submit requests for tax refunds or tax relief, for any excess withholding tax, to the relevant tax authority on behalf of the Client.

   ii. The Client will be responsible for providing Acupay with all the relevant information and documentation required for a tax reclaim in the relevant jurisdiction. This will include, but is not limited to; I. a full **Power of Attorney** (which will be drawn up by Acupay and signed by the Client, which gives Acupay the authority to make the claim on behalf of the Client, and receive the funds on its behalf; and II. a **Certificate of Residence** issued by the relevant government agency in the Client's jurisdiction. The Client accepts that each jurisdiction to which Acupay is applying for refund to will have different information and document requirements, and agrees to provide to Acupay any further information or documentation which is required by the presiding tax authority, as requested by Acupay. Without prejudice to Clause 2.2.a), Acupay shall be deemed to have completed the reclaim for the Client on the date of the transfer of funds received from the relevant tax authority from Acupay's account to the Client's account or the account of its custodian as instructed by the Client in writing.

The name Acupay is a registered service mark of Acupay System LLC in the U.S. Patent and Trademark Office. Acupay System LLC is a limited liability company, Company No. FC026354, registered in England under number BR008499. Acupay System LLC has a registered office at 30 Broad Street, 46th Floor, New York, NY 10004 and branch office at 1st Floor, 28 Throgmorton Street, London EC2N 2AN.

iii. Should the relevant tax authority reject a request for tax refund or tax relief Acupay will inform the Client immediately. In such circumstances and without prejudice to Clause 2.2.a), and upon the Client's request, Acupay will proceed to acquire the excess tax paid by appeal to the tax authority. Should the appeal be rejected, Acupay will be deemed to have completed their service to the Client on the date of the final decision.

### 1.2 Fee

a) As consideration for the provision of the Services by Acupay, the Client will pay Acupay a fee (the "**Fee**"). The fee will be the lower of: (i) 0.25% of the gross dividend amount with respect to which the excess tax is being reclaimed for each ISIN code per reclaim, and (ii) €15,000 per ISIN code per reclaim.

b) The Client will not be liable for any other expenses incurred by Acupay in the reclamation for tax excess process, nor the use of any third parties which Acupay may contract in the process of its services to the Client, unless the third party is a necessary procedural element in the provision of the services for the relevant jurisdiction.

c) Without prejudice to Clause 1.2.c), the Client will be liable for any currency conversion charges in the event that they choose to change the currency to another of their choice when receiving the funds from Acupay. In this event the exchange rate on the day of the transfer to the Client account will be used.

d) Any charges payable under this Agreement are exclusive of any applicable taxes, tariff surcharges or other like amounts assessed by any governmental entity arising as a result of the provision of the Services by Acupay to the Client under this Agreement and such shall be payable by the Client to Acupay in addition to any other charges payable hereunder.

### 1.3 Payment

Acupay will deduct the fee automatically from the funds recuperated from the relevant tax authority. Acupay will send the Client or its custodian bank as instructed by the Client a monthly invoice with the Fees which have been deducted from the recovered funds. The first invoice will be sent at the end of the first month in which funds have been received from the relevant tax authorities.

## General terms

### 2.1 Warranty

a). Acupay represents and warrants that:

- it will perform the Services with reasonable care and skill; and

- the Services provided by Acupay to the Client under this Agreement will not infringe or violate any intellectual property rights or other right of any third party.

### 2.2 Limitation of liability

a) Acupay will not be liable for any delays, rejections or disparity in funds from the relevant tax authority to which reclaims for excess withholding tax have been submitted on behalf of the Client. The Client will have the right to instruct Acupay to appeal any rejections or disparity of funds.

b) Without prejudice to Clause 2.1.a), Acupay will not be liable for the information and documentation provided by the Client nor any discrepancies contained therein. Acupay will not be liable for funds repossessed by the relevant tax authority, and maintains the right to claim back from the Client any funds for which Acupay are liable to return to the relevant tax authority.

c) Subject to the Client's obligation to pay the Fee to Acupay, either party's liability in contract, tort or otherwise (including negligence) arising directly out of or in connection with this Agreement or the performance or observance of its obligations under this Agreement and every applicable part of it shall be limited in aggregate to the Fee.

d) In no event shall either party be liable for any loss of profits, goodwill, loss of business, loss of data or any other indirect or consequential loss or damage whatsoever.

## 2.3 Term and Termination

a) This Agreement shall be effective on the date hereof and shall continue, unless terminated sooner in accordance with Clauses 2.3.c) or 2.3.d), until either Party gives notice as per Clause 2.3.b).

b) Either Party may terminate this Agreement upon 6 months written notice from the other Party and in accordance with Clause 2.6; or

c) The other is in breach of any material obligation contained in this Agreement, which is not remedied (if the same is capable of being remedied) within 30 days of written notice from the other Party so to do; or

d) A voluntary arrangement is approved, a bankruptcy or an administration order is made, or a receiver or administrative receiver is appointed over any of the other Party's assets, or an undertaking or a resolution or petition to wind up the other party is passed or presented (other than for the purposes of amalgamation or reconstruction), or any analogous procedure in the country of incorporation of either party, or if any circumstances arise which entitle the Court or a creditor to appoint a receiver, administrative receiver, or administrator, or to present a winding-up petition or make a winding-up order in respect of the other party.

e) Any termination of this Agreement (howsoever occasioned) shall not affect any accrued rights or liabilities of either Party nor shall it affect the coming into force or the continuance in force of any provision hereof which is expressly or by implication intended to come into or continue in force on or after such termination.

## 2.4 Relationship of the Parties

The Parties acknowledge and agree that the Services performed by **Acupay, its employees, agents or sub-contractors** shall be performed as an independent contractor and that nothing in this Agreement shall be deemed to constitute a partnership, joint venture, agency relationship or otherwise between the Parties.

## 2.5 Confidentiality

Neither Party will use, copy, adapt, alter or part with possession of any information of the other which is disclosed or otherwise comes into its possession under or in relation to this Agreement and which is of a confidential nature. This obligation will not apply to information which the recipient can prove was in its possession at the date it was received or obtained or which the recipient obtains from some other person with good legal title to it or which is in or comes into the public domain otherwise than through the default or negligence of the recipient or which is independently developed by or for the recipient.

## 2.6 Notices

All notices or communications hereunder, except as herein otherwise specifically provided, shall be in writing and delivered via courier or confirmed email and confirmed to the address of the other Party as specified in this Agreement, or any other address as shall be specified in writing by the contracting Parties. Notice will be considered to be given upon a confirmation of receipt by the recipient Party.

## 2.7 Miscellaneous

a) The failure of either party to enforce its rights under this Agreement at any time for any period shall not be construed as a waiver of such rights.

b) If any part, term or provision of this Agreement is held to be illegal or unenforceable neither the validity nor enforceability of the remainder of this Agreement shall be affected.

c) Neither Party shall assign or transfer all or any part of its rights under this Agreement without the consent of the other Party.

d) This Agreement may not be amended for any other reason without the prior written agreement of both Parties.

e) This Agreement and the individual agreements per country and jurisdiction processes will constitute the entire understanding between the Parties relating to the subject matter hereof unless any representation or warranty made about this Agreement was made fraudulently and, save as may be expressly referred to or referenced herein, supersedes all prior representations, writings, negotiations or understandings with respect hereto.

f) Neither Party shall be liable for failure to perform or delay in performing any obligation under this Agreement if the failure or delay is caused by any circumstances beyond its reasonable control. If such delay or failure continues for at least 7 days, the Party not affected by such delay or failure shall be entitled to terminate this Agreement by notice in writing to the other.

g) This Clause 2.7.g) and Clauses 1.2.a), 2.2.b), 2.2.c), 2.2.d), 2.3.e), 2.5, 2.7.b) and 2.7.h) of this Agreement shall survive any termination or expiration.

h) This Agreement shall be governed by the laws and courts of England. If any provision of this agreement is wholly or partially unenforceable for any reason, such unenforceable provision or part thereof shall be deemed to be omitted from this agreement without in any way invalidating or impairing the other provisions or clauses of this agreement.

AS WITNESS the hands of the Parties hereto or their duly authorised representatives the day and year first above written.

SIGNED by )
for and on behalf of )
**Raubritter LLC Pension Plan** )

Name, position

SIGNED by )
for and on behalf of )
**Acupay System LLC** )

Camilo Vargas, Director

**CONFIDENTIAL / PRIVILEGED – SUBJECT TO 502(d) ORDER**    **WH_MDL_00372845**
DX6028, page 6 of 10

## Annex I: Markets
Where Acupay services regarding tax refunds or tax relief for any excess withholding tax are provided to the Client.
- Austria
- Belgium
- Denmark



## SPECIAL POWER OF ATTORNEY

**RAUBRITTER LLC PENSION PLAN** (TAX ID: 46-0857322),

*of* 160 Central Park South, 1726, New York, NY 10019, United States

hereby grants

**ACUPAY SYSTEM LLC,**

*of* 28 Throgmorton Street, London, EC2N 2AN, United Kingdom

a special power of attorney, as broad as is necessary under the law, to pursue and file for reductions in rates of tax withholding in my name for which I am eligible, to oversee this process, and to collect refunds of excess withholding tax to which I am entitled on my behalf.

**AUTHORISATION**

This power of attorney authorises **ACUPAY SYSTEM LLC** to carry out any and all acts which are necessary and appropriate for the following:

1. To request a refund of the excess tax withheld by submitting reclaim forms with foreign tax authorities.
2. To request a refund of the excess tax withheld by submitting claims with foreign custodians, withholding agents, or issuers.
3. To collect all repayments owed in above context from foreign tax authorities, custodians, withholding agents or issuers in the name of **RAUBRITTER LLC PENSION PLAN** and to acknowledge the receipt of such amounts.
4. To present all kinds of administrative appeals and economic-administrative reclaims to the relevant authorities, tribunals, and courts.
5. Request/obtain tax residency certification in the name of **RAUBRITTER LLC PENSION PLAN** as may be necessary to carry out the above.

This Power of Attorney shall take effect upon execution of the document and remain in effect until the Power of Attorney has been terminated by either party by providing five days prior written notice of its intent to terminate to the other party, whichever is earliest.

**IN WITNESS HEREOF**

Sign: _____

Print name: _____ (authorised signer)

Date: _____

**CONFIDENTIAL / PRIVILEGED – SUBJECT TO 502(d) ORDER**　　　　WH_MDL_00372847



## DENMARK - Beneficial Owner Declaration Form

*As a resident of the United States of America, I may be eligible for a refund of excess Danish withholding tax (withheld by the Danish tax authorities) on income from certain stocks and shares.*

**Raubritter LLC Pension Plan**
TAX IDENTIFCATION NUMBER: **46-0857322**
ADDRESS: **160 Central Park South – 1726, NY 10019, New York, U.S.**
TYPE OF LEGAL ENTITY: **Pension Plan**

**General Declarations:**

I hereby declare that:

a) I did not maintain a fiscal domicile in Denmark on the date(s) when the dividends were received.

b) I did not receive proceeds or revenues from owned businesses or permanent establishments in Denmark.

c) I am entitled to the receipt of the dividend income shown on the books and records of the institution through which the related securities are held.

d) I will not file any separate (i.e. "duplicate") claims for tax refund with the Danish authorities.

**Declarations regarding the beneficial owner type:**
(Please tick one of the boxes below)

I hereby appoint Acupay System LLC to apply for a <u>partial refund</u> of excess withholding tax from the Danish tax authorities <u>based on the Double Taxation Convention</u>.

☐ I hereby declare that I am a resident of **The United States of America** within the meaning of the convention concluded between Denmark and **The United States of America**.

I hereby appoint Acupay System LLC to apply for a <u>full refund</u> of excess withholding tax <u>based on the Double Taxation Convention.</u>

☐ I am a **Qualifying U.S. pension fund** within the meaning of Article 4, Article 10, and Article 22 of the Double Taxation Convention between Denmark and the United States of America and request Acupay System LLC to apply for **a FULL refund of excess withholding tax**.

I hereby appoint Acupay System LLC to apply for a <u>full refund</u> of excess withholding tax <u>based on domestic law exemption.</u>

☐ I am a a foreign government (agency) or approved international organisation recognised as a tax exempt entity by the Danish tax authorities. I request Acupay System LLC to apply for a FULL refund of excess withholding tax.

I hereby appoint Acupay System LLC to apply for a <u>12% refund</u> of excess withholding tax from the Danish tax authorities. <u>My country of residence does not have a DTT in place with Denmark</u>.

☐ I am a resident in the EU or in a country whose local tax authorities exchange information with the Danish Tax Authorities according to an international treaty or convention other than a Double Taxation Treaty (DTT). My holding does not exceed 10% of the shares of the company distributing the dividend.

Page **1** of 2

**CONFIDENTIAL / PRIVILEGED – SUBJECT TO 502(d) ORDER**   **WH_MDL_00372848**
DX6028, page 9 of 10

# acupay

**Payment details:**

*Please indicate in which currency you would like to receive refund amounts:*

☐ Euro
☐ DKK

This form will remain valid until revoked. I hereby undertake to notify Acupay System promptly upon receipt of any information that would render any statement in this certificate untrue or incomplete.

_____        _____
Name and title of the beneficial owner or the                                Authorised signature
authorised representative[1]


_____        _____
Firm                                                                          Place and Date

---

[1] If signed by the authorised representative, please provide a power of attorney signed by the beneficial owner

Page **2** of **2**

**CONFIDENTIAL / PRIVILEGED – SUBJECT TO 502(d) ORDER**                                    WH_MDL_00372849